JOHN DENN, LESSEE OF CHARLES C. SCOTT, AND OTHERS v. THOMAS REID, JUN., AND OTHERS.

Construction of the acts of the legislatures of North Carolina and Tennessee, relative to registering and recording deeds for lands in Tennessee, in force in the state of Tennessee.

ON a certificate of division of opinion, of the judges of the circuit court of the United States of West Tennessee.

This case was submitted to the court, on a printed argument, by Mr Leigh.

Mr Justice M'LEAN delivered the opinion of the Court.

The plaintiffs in this case, brought an action of ejectment against the defendants, in the circuit court for the district of West Tennessee: and on the trial, certain questions were made to the court, in which the opinions of the judges were opposed; and these questions have been certified to this court for their decision.

To sustain their action, the plaintiffs offered in evidence, a grant for five thousand acres of land to Stokely Donelson, from the state of North Carolina, dated the 7th day of April 1790.

This grant was duly authenticated under the seal of the state of North Carolina, and the certificate of the governor; the certificate was registered in Giles county, in the state of Tennessee, within which the land is situated, on the 10th of December 1810. And both the grant and certificate appear to have been registered in the same county, on the 2d of June 1817.

The plaintiffs then offered to read a deed for the same land, from Stokely Donelson to John Hook, of the state of Virginia; dated the 24th of March 1791. On the 29th of March 1799, this deed was acknowledged by the grantor, before David Campbell, one of the judges of the state of Tennessee; and on the 16th of April 1799, it was registered in the county of Davidson.

It was proved that when this deed was executed and registered, and until the fall of 1818, the Indian title to the land was not extinguished: and that the county of Giles was not established until 1809; but the law organizing the county did not take effect until January 1810.

[Denn v. Reid.]

Upon these facts, was this deed offered by the plaintiffs, and objected to by the defendants; on the ground, that it had not been duly- acknowledged and registered : and upon this question, the opinions of the judges were opposed ; and this constitutes the first point for examination and decision by this court.

In the state of Tennessee, until a deed is duly proved and registered, the fee does not pass to the grantee ; and to this rule may, in some degree, be attributed the numerous legislative acts of the state, to cover defective cases of proof and registration of deeds.

By the act of 1715, adopted by Tennessee from North Carolina, it is provided, that " no conveyance or bill of sale for lands, in what manner or form soever drawn, shall be good and available in law, unless the same shall be acknowledged by the vendor, or proved by one or more evidences, upon oath, and registered by the public register of the county where the land lieth ; and all deeds so done and executed, shall be valid, and pass estates," &c.

By the act of the 30th of September 1794, it was provided, " that all deeds and mesne conveyances of lands, tenements and hereditaments, not already registered, acknowledged or proved, shall and may, within two years after the passing of this act, be acknowledged by the grantor or proved by one or more of the subscribing witnesses, and registered in the county where the land lies," &c.

On the 27th of October 1797, this act was extended until the termination of the next general assembly of the state ; and before the expiration of this extension, the deed under consideration was proved and registered in the county of Davidson. There is no objection as to the proof of the deed, by the acknowledgement of the grantor before judge Campbell ; but it is admitted there was no law which authorized its registration in the county of Davidson ; and unless such registration has been sanctioned by a subsequent law, the deed is not valid.

It is contended that this registration is made good by the third section of the act of the 23d of November 1809 ; which provides, " that all deeds for the absolute conveyance of any real estate within this state, to which the Indian title was not extinguished, at the time of the execution of such deed, and at the time of the registration of the same, as hereinafter mentioned, which deed shall have been proved by one or more of the subscribing witnesses thereto, in any court of record, or before any judge of the superior courts in the state, or shall have been so proved before any court of record or any

[Denn v. Reid.]

judge of a court or mayor of a city out of this state, and shall have
been registered in any county in this state ; within the time required
for the probate and registration of deeds ; such probate and registra-
tion shall be sufficient to entitle such deed or deeds to be read in evi-
dence, in any court within this state ; and shall also be sufficient to
entitle such deed or deeds to registration in the county or counties
where said land may lie, when the Indian title is extinguished
thereto."

That the deed to Hook is embraced by the provisions in this
statute, in two particulars, is clear.. It calls for land to which the
Indian title was not extinguished, when the deed was proved and
registered, or indeed until nine or ten years after this act was
passed.    And it appears that it was registered in the county of
Davidson, " within the time required for the probate and registration
of deeds."   In these respects, the deed comes within the statute.
But it is objected, that the statute makes provision for such deeds
only, as " have been proved by one or more of the subscribing wit-
nesses thereto, in any court of record, or before any judge of the
superior courts of the state ;" and that the deed to Hook was not
proved by one or more of the subscribing witnesses, but by the
acknowledgement of the grantor.    That judge Campbell, who took
the acknowledgement, had power to take it, is not contested ; nor
that he had power to take the proof by the subscribing witnesses :
but, as the proof was not made by one or more of the subscribing
witnesses, it is contended, the probate was not such as contemplated
by the statute, and, of course, that the deed is not within it.

This construction the counsel for the plaintiffs contend is an ex-
tremely technical one, and ought not to be given to a remedial sta-
tute.    That the object of the legislature was to provide for deeds,
which had been duly proved and registered in any county in the
state, calling for lands covered by the Indian title ; and not within
any organized county.   And that such a construction should be
given to the statute, as shall effectuate the intentions of the legis-
lature.

That this was the design of the statute seems to be probable ; and
it should be so construed as to produce this effect, unless the lan-
guage of the act shall forbid it.

A deed embraced by the statute is made evidence ; that is, evi-
dence of title ; and is good against all other subsequent conveyances
from the same grantor, unless it should be in a case where the

[Denn v. Reid.]

grantee had failed to record the deed in the county where the land lies, within a reasonable time after the extinguishment of the Indian title, and against a purchaser without notice.

The counsel insist that this statute will admit of being read, " which deeds shall have been proved by one or more of the subscribing witnesses thereto, in any court of record ;" or, "*which shall have been acknowledged* before any judge of the superior courts in the state." This is not the import of the words, nor does it accord with a grammatical construction of them. The mode of proof required is, by one or more of the subscribing witnesses to the deed ; and applies as well to the proof taken before the "judge of the superior courts," as before any court of record. And the correct and grammatical reading of the sentence is, " which deeds shall have been proved by one or more of the subscribing witnesses thereto in any court of record ;" or, "*which shall have been proved by one or more of the subscribing witnesses thereto*, before any judge of the superior courts in the state."

This, it must be admitted, when we consider the mischief the law was probably intended to remedy, is a somewhat technical construction of the act ; and cases may be found where courts have construed a statute most liberally to effectuate the remedy : but where the language of the act is explicit, there is great danger in departing from the words used, to give an effect to the law which may be supposed to have been designed by the legislature. Where the language of the act is not clear, and is of doubtful construction ; a court may well look at every part of the statute : at its title, and the mischief intended to be remedied in carrying it into effect. But it is not for the court to say, where the language of the statute is clear, that it shall be so construed as to embrace cases, because no good reason can be assigned why they were excluded from its provisions.

We are unable to say why the benefits of this statute were given to those who held under deeds proved by the subscribing witnesses, and withheld from those whose deeds were proved by the acknowledgement of the grantor. In most cases, if not in all, proof by acknowledgement would be deemed more satisfactory than by witnesses : but the legislature having made a distinction between the cases ; whether it was intentional or not, reasonable or unreasonable ; the court are bound by the clearly expressed language of the act.

It is unnecessary to follow the train of argument used by the counsel for the plaintiffs on this subject ; as, in the opinion of the

court, the provisions of the act of 1821 apply to the case. In the latter part of the second section of this act, it is provided, that "in all cases where a deed of conveyance of land has been acknowledged before a judge of the late superior courts of law and equity, or before any court of record in this state, and since registered in any register's office in this state; or where the privy examination of a feme covert, through whom the title is derived, has been taken before any court of record and certified, and such deed registered in the proper county; such deed, or an authenticated copy thereof, may be read in evidence, and shall be deemed sufficient to pass the title: provided, that no person claiming by a conveyance under the same title, shall be affected thereby."

These provisions embrace two descriptions of cases. The first one, which it is supposed covers the deed to Hook; is, where a deed has been acknowledged before a judge and registered in any register's office in the state ; and the other, where the privy examination of a feme covert, through whom the title is derived, has been taken before a court of record and registered in the proper county. But in neither of these cases, shall the title be held good against a person claiming under the same title.

It must be admitted that the language of this section does not so clearly express the intention of the legislature as it might have done; but it is susceptible of the construction, that the deed which is required to be registered in the proper county, is the deed that conveys the title of the feme covert. To extend this requirement, by construction, to the deed first named, would make the provision contradictory, if not absurd.

The first deed, if registered, in *any register's office in the state,* is made evidence of title ; and it could hardly be required in the same sentence, that the same deed should have been recorded, without any reference to the time, "in the proper county ;" and this followed by a provision, that "no person claiming by a conveyance under the same title, shall be affected thereby." It may be that the circumstances under which this law was passed, if known, might induce us, if we were at liberty to be influenced by them, to give a different construction to this provision : but being alone guided by the language of the section, we think this construction does no violence to the words, but gives to them their fair import.

It was proved that the deed to Hook covered the land in controversy ; and we think it was properly admitted as evidence of title.

[Denn v. Reid.]

The evidence on the part of the plaintiffs being closed, the defendants offered a deed from Stokely Donelson to James Conner, for the same land, dated the 8th of December 1797.

On the 23d of August 1809, this deed was proved in Rowan county, North Carolina, by one of the subscribing witnesses, before Francis Locke, one of the judges of the superior courts, &c. of the state.    This deed was registered in the county of Giles, on the 3d of June 1817.

And the defendants, to prove that they were purchasers of the land in controversy under James Conner, offered in evidence a deed from Conner to Reid and Butler, for four thousand five hundred acres, dated the 1st of June 1822 ; also, several other deeds from the same person, for smaller tracts of land within the patent of Donelson ; all of which deeds were proved and registered in Giles county. These deeds were all signed by Henry W. M. Conner, agent and attorney in fact for James Conner ; but no evidence of his authority to act as attorney was offered.

And the defendants examined John Bornet, a witness, who stated that Thomas Reid, Jun., Thomas Butler, William Collins, &c. were living on the tract in controversy, in April 1821; and other tenants were proved to be in possession of different parts of the land, and for different periods of time.    And the witness proved, that several of the tenants purchased from Conner.    And similar facts were proved by James Kimbro, another witness.    And on the question, whether the deed from Stokely Donelson to James Conner was regularly proved and registered ; and whether the evidence contained in the deposition of John Bornet and James Kimbro, conduced to show the defendants purchased or claimed under Conner : the judges were divided in opinion.

We will first examine as to the regular proof and registration of the deed from Donelson to Conner.

By the act of the 30th of November 1807, all deeds executed out of the state were required to be acknowledged by the grantor, or proved by two or more subscribing witnesses, and registered within two years ; and deeds which had been executed, but not registered, were required to be registered within a year after the 1st day of January following.    And afterwards, the act of 22d of April 1809 continued the above provision for the registration of deeds.

This law was in force when the deed from Donelson to Conner was attempted to be proved in North Carolina : but as that proof

was made by one witness only, it was not regular; and, of course, did not authorize the registration of the deed.    And it is believed, that no law has been since passed which gives effect to such a probate taken out of the state.

The act of 1822, which provides for deeds that had been executed out of the state, and which shall have been proved by one or more of the subscribing witnesses, were required to be certified by the clerk of the court, &c. ; and this deed has not been so certified.    The probate not having been regular at the time it was taken, nor made so by any subsequent law, it follows that the registration of this deed in the county of Giles can give no effect to it.    It cannot be received as evidence of title ;  and whether it could be considered as giving to the tenant the benefit of the statute of limitations, it is not necessary to determine; as the point is not raised.    The deeds which purport to have been executed by Henry W. M. Conner, as agent and attorney in fact for James Conner, cannot be received as evidence for any purpose in the absence of the proper authority by the agent.    And it is clear that the evidence of Bornet and Kimbro does not, under the circumstances of this case, in the language of the adjourned question, conduce to show the defendants purchased under Conner.

This evidence, to avail the defendants under the statute, must be by deed, and not by parol.    The tenant who relies upon the statute of limitations, in virtue of his own right as a purchaser, must claim by deed.    His possession under another, who claims by deed, may be insisted on under the statute to protect the rights of the grantee. But Conner is not made defendant in this case; and if his deed were admissible to sustain the plea of the statute, the defence must be made for his benefit, and not the benefit of the tenants.    The purchasers from Conner do not show a deed, or any other instrument in writing which is evidence of their purchase ; nor do they connect themselves with any title which gives to them the benefit of the statute, so far as the case is brought before us by the adjourned questions.    The deed from Gallaher, under which Reed claims, is not before us.

This cause came on to be heard on the transcript of the record from the circuit court of the United States for the district of West Tennessee ; and on the points and questions on which the judges of the said circuit court were opposed in opinion, and which were cer-

[Denn v. Reid.]

tified to this court for its opinion, agreeably to the act of congress in such case made and provided ; and was argued by counsel : on consideration whereof, this court is of opinion, on the first question so certified, that the deed from Donelson to Hook should be admitted as evidence of title, being proved and registered according to the laws of Tennessee ; and, on the second question so certified, it is the opinion of this court, that the deed from Stokely Donelson to James Conner cannot be received as evidence ; and that the evidence of Bornet and Kimbro does not under the circumstances of the case conduce to show that the defendants purchased under Conner : whereupon, it is ordered and adjudged by this court, that it be so certified to the said circuit court.