[No. 1779.  Decided June 19, 1895.]

JOHN B. RAUH *et ux., Appellants,* v. JOHN D. SCHOLL
*et al., Respondents.*

SECONDARY EVIDENCE — WHEN ADMISSIBLE.

In an action for the recovery of rents under a written lease to which defendants set up the defense that there had been a surrender of the lease under an oral agreement, it is error to permit the defendants to introduce in evidence a paper purporting to be a copy of a written assignment of the lease and a surrender of the premises by the defendants to plaintiffs, unless the pleadings are amended in that regard and proper foundation for the introduction of secondary evidence is laid.

*Appeal from Superior Court, Pierce County.*

*H. W. Lueders,* for appellants.

The opinion of the court was delivered by

GORDON, J.—On the 5th day of February, 1891, appellants executed a written lease of certain real property to the respondents, for the term of three years, at

a monthly rental of $35 per month, said lease contain-
ing a provision authorizing and permitting a sub-let-
ting of said premises during the whole or any portion
of the term; and also containing an express covenant
on the part of the respondents to pay said rental for
the full period and as provided in said lease. There-
upon respondents went into possession of said prem-
ises.   This action was brought by appellants to recover
the sum of $525, being the rent of said premises for
fifteen months.

The complaint sets out a copy of the lease and con-
tains the usual allegations including that of a demand
and refusal to pay.   The answer of respondents ad-
mits the execution of the lease, and for a defense
alleges, " that on or about the 31st day of March, 1891,
it was mutually *orally agreed and understood* by and
between plaintiff John Rauh, acting for himself and
his wife, and defendants that the said instrument
[lease] and property therein described should be sur-
rendered to plaintiffs, and said instrument and prop-
erty was wholly surrendered to plaintiffs, and they ac-
cepted the surrender of the same, and at all times since
said date have acquiesced in said surrender and col-
lected rent from other parties and leased the premises
to other parties at different rates of rent and had the
full and complete control and management of said
premises free and clear from any claim of defendants
or either of them."   Plaintiff replied denying the mat-
ter set up by way of defense, and the cause proceeded
to trial before the court and a jury duly empanelled,
and resulted in a verdict for defendants, and from an
order denying the motion for a new trial and the judg-
ment upon said verdict this appeal is taken.

Respondents have filed no brief and entered no ap-
pearance in this court.   Only one assignment of error

will be discussed, as the conclusion which we have reached concerning it makes it decisive of the case. Upon the trial of the cause, the lower court, over the objection of appellants, permitted a paper to be given in evidence, which paper purports to be a copy of an assignment of the lease and a surrender of the demised premises to the appellants; said release and surrender purporting to have been executed on March 30, 1891. The signatures to said purported copy are typewritten, and the signature of the notary before whom the acknowledgment of the original was taken was not attached to said copy until the same was offered in evidence upon the trial.

In permitting such copy to be received in evidence and read to the jury the court committed reversible error. We do not think that the original of this paper could have been received as evidence under the issue raised by the answer of respondents. As has been noticed, respondents set up a *verbal* surrender and acceptance, and neither sought nor obtained leave to amend their pleading in that regard. But, in any view of the case, this purported copy was wholly inadmissible under the circumstances attending its reception in evidence, because no foundation had been laid; no notice to produce the original had been given. To lay a foundation for the introduction of secondary evidence of the contents of a writing, the party offering the same must show that he has done all in his power to produce the original. No authorities need be cited in support of a rule so well settled. To permit a so-called copy of so important a paper to be received in evidence without any attempt to produce or obtain the original, and particularly where the pleading of the party seeking to introduce it does not afford any notice

of the fact that such instrument would be relied upon at the trial, would be a most dangerous practice, and cannot be sanctioned.

The judgment appealed from will be reversed, and the cause remanded for a new trial.

HOYT, C. J., and ANDERS, SCOTT and DUNBAR, JJ., concur.