[No. 2683. Decided February 24, 1898.]

JOHN B. RAUH et al., *Appellants*, v. JOHN D. SCHOLL et al., *Respondents*.

JUDGES — POWERS OF SUCCESSORS — SETTLEMENT OF STATEMENT OF FACTS — RENDITION OF JUDGMENT — EVIDENCE — TRANSACTIONS WITH DECEDENT.

The settlement of a statement of facts by a judge after his term of office has expired is not ground for striking the statement, when it has also been certified by the successor of the judge who tried the cause.

Where, after verdict, a motion for a new trial has been interposed, the rendition of judgment at the time of deciding such motion is timely.

Where the term of a trial judge has expired judgment may properly be rendered by the succeeding judge.

A party to a transaction is not barred from testifying in regard thereto by the death of one of the adverse parties, when there is no attempt to prove any conversation or transaction with the deceased and the testimony is confined to transactions with one of the adverse parties still living.

Appeal from Superior Court, Pierce County.—Hon. W. H. H. KEAN, Judge. Affirmed.

*Lueders & Leo*, for appellants.

*G. W. H. Davis (Campbell & Powell*, of counsel), for respondents.

*Per Curiam*.—This is the second time this action has been before this court. See 12 Wash. 135 (40 Pac. 726), where a judgment in favor of defendants was reversed, and the cause remanded for a new trial, which was had, resulting again in favor of defendants, and plaintiff takes this appeal. The respondents move to strike the statement of facts on the ground that the same was settled by the judge after his term of office had expired. The motion would

be well taken under *Hallam v. Tillinghast,* recently decided, *ante,* p. 20, were it not for the fact that in this case appellants also procured a certificate of the succeeding judge, so it was in effect settled before both the ex-judge who tried the cause and his successor in office.

A great many points have been raised on this appeal. The first one is that the motion for a new trial should have been granted on the ground that the judgment was not rendered within the time prescribed by law, and also because it was rendered by a judge who did not try the cause. It appears that the judgment was rendered at the time the motion for a new trial was decided, and we have heretofore held that where the term of a trial judge had expired judgment could be rendered by the succeeding judge. It is further contended that the court erred in allowing defendant to testify to the transaction between himself and the plaintiff on the ground that one of the plaintiffs was dead. But there was no attempt by the defendants to prove any conversation or transaction had with the deceased.

It is also contended that there was no evidence of a surrender of the lease, and further that a husband alone could not accept the surrender. But we think there was ample proof of a surrender of the premises by the lessees to the plaintiffs, and an acceptance of the same, and sufficient testimony introduced by the plaintiff to connect the deceased wife with it to sustain the verdict.

We have examined all the other questions raised with relation to the admission and rejection of evidence, and do not think any of them are well taken. It is alleged also that the instructions are erroneous. It is questionable whether we could pass upon them at all, it not clearly appearing what instructions were given and what were refused. We have read the ones complained of, however, and see no error therein.

The judgment is affirmed.