[No. 3929.    Decided July 27, 1901.]

CHARLES NELSON, *Appellant,* v. SEATTLE TRACTION COMPANY, *Respondent.*

JUDGES PRO TEMPORE—JURISDICTION IN TRIAL OF CAUSES—POWER TO DETERMINE MOTION FOR NEW TRIAL.

Under Bal. Code, § 4676, which provides that a case may be tried by a judge *pro tempore* when the parties to the cause have agreed thereto in writing, a judge *pro tempore* may be appointed upon the written stipulation of the parties to hear and determine whatever remains to be done in a case, even after verdict, such as the determination of questions raised by motion for new trial, and the entry of judgment upon the verdict theretofore rendered.

SAME—WHEN AUTHORIZED TO SETTLE STATEMENT OF FACTS.

A judge *pro tempore* has power to settle the statement of facts in a case, where he was the presiding judge at the time of its trial and has been duly appointed judge *pro tempore* after the expiration of his term, for the purpose of trying whatever remains to be done in the case.

APPEAL—REVIEW OF MOTION FOR NEW TRIAL— INSUFFICIENT RECORD.

Alleged error of the trial court in overruling a motion for a new trial will not be considered on appeal, where there is no statement of facts in the record.

Appeal from Superior Court, King County.—Hon. ORANGE JACOBS, Judge *pro tem.*    Affirmed.

*W. F. Hays,* for appellant.

*Struve, Allen, Hughes & McMicken,* for respondent.

The opinion of the court was delivered by

HADLEY, J.—This cause was tried below to a jury, and before the Hon. Orange Jacobs, then a judge of the superior court of King county. The jury returned a verdict for defendant on the 10th day of November, 1900. On the 12th day of November, 1900, plaintiffs filed a motion for a new trial. The following day the motion was argued,

and submitted to the said Judge Jacobs. After argument and submission, the motion was taken under advisement by the court, and, by reason of the pressure of other duties, was not passed upon before the expiration of Judge Jacobs' term of office, which occurred on the 14th day of January, 1901. Thereafter, on the 17th day of January, 1901, a stipulation in writing in said cause was entered into between counsel for plaintiffs and defendant as follows:

"It is hereby agreed that Orange Jacobs, a member of the bar of the state of Washington, shall try and determine the above entitled cause, and especially the motion for new trial therein, and render judgment upon the verdict in said cause as a judge of the said court *pro tempore.*"

Upon the filing of said stipulation, the Hon. Arthur E. Griffin, a judge of the said court, entered the following order:

"I hereby make and approve the appointment of Orange Jacobs as judge *pro tempore* in the above entitled cause."

On the same day Orange Jacobs executed and filed the proper oath of qualification as judge *pro tempore* in said cause, and thereafter denied plaintiffs' motion for a new trial, and entered judgment in favor of defendant to the effect that plaintiffs should take nothing by their said action and that respondent should go hence without day, and should recover its costs. From said judgment the plaintiff Charles Nelson has appealed.

The first assignment of error is that the court erred in appointing a judge *pro tempore*. We do not think so. The statute, as found in § 4676, Bal. Code, clearly authorizes such an appointment to be made when the parties to a cause have agreed thereto in writing. The statute reads: "A case . . . may be *tried* by a judge *pro tempore* . . . ." We construe the statute to mean that a judge

*pro tempore* acquires jurisdiction of a cause from the time of his appointment and qualification, and he thereafter *tries* what remains to be done in the case, whether it be the trial of questions of fact or of law, or both. In this case the trial upon the facts had been heard, and there remained certain questions of law to be determined, viz., those raised by the motion for a new trial and the entry of judgment.

The next assignment of error is stated as follows:

"The order approving the appointment of Orange Jacobs as judge *pro tempore* as judge in said cause is void for the reason that said judge *pro tempore* under said stipulation and under the law had no power to settle a bill of exceptions and statement of facts containing the exceptions reserved on the trial of the cause as required by law, the term of office of the judge of the court who presided at the trial of this cause having expired without the motion for new trial having been acted upon by him."

We think, as heretofore stated, that the order was properly entered, and that the judge *pro tempore* had the power to settle the statement of facts. He was, in effect, for all purposes of the case, the successor in office of the judge who tried the case. In the case of *Rauh v. Scholl,* 19 Wash. 30 (52 Pac. 332), the motion for new trial was decided, and judgment was entered by a judge who succeeded the one who tried the cause upon the facts. The court affirmed the judgment in that case, and held that the succeeding judge was empowered both to decide the motion for new trial and enter judgment. In that case a motion was made to strike the statement of facts on the ground that it was settled by the judge after his term of office had expired. The court held that the motion would have been well taken, under the authority of *Hallam v. Tillinghast,* 19 Wash. 20 (52 Pac. 329), but for the fact that the appellants in the case also procured the certificate of the

succeeding judge. Under the authority of the last named case, it is the certificate of one vested with judicial power that gives vitality to a statement of facts. In that case, at page 23 of the opinion, the court says:

"No hardship can result, for the statement can be settled by the court. The identity of the judge is lost in the court, and the court continues, although the term of a judge is ended. Where a controversy arises the ex-judge can be subpoenaed and compelled to testify."

In *Gunderson v. Cochrane*, 3 Wash. 476, 480 (28 Pac. 1105), it is said:

"In a proceeding to settle a statement before a succeeding judge, to assist in ascertaining the facts, the judge who tried the cause can be subpoenaed and required to testify. If a case should arise where the office was vacant, or where the statement could not be settled for any cause over which the parties had no control and could not avoid, we might grant a new trial or take some suitable action in the premises, but it is sufficient now to say that we have not such a case before us."

No such conditions exist in this case as are suggested in the quotation last above set forth. Orange Jacobs was judge *pro tempore* in the cause, and as such was as fully empowered to continue proceedings in the case to its close in the superior court as though he had been a duly elected and qualified judge of said court at the time. There was no necessity for calling in the judge who tried the cause to testify as to what occurred at the trial, in order to enable the presiding judge to determine controversies concerning the statement of facts, for the reason that Orange Jacobs, the judge *pro tempore*, was the same individual as Judge Orange Jacobs, who formerly presided. By no kind of metaphysical reasoning can it be maintained that the knowledge possessed by Judge Jacobs when he was a superior judge was not retained by him when he became judge *pro tempore* three days later.

The next assignment of error is that the judge *pro tempore* erred in overruling appellant's motion for a new trial. There is no statement of facts in the record, and we cannot intelligently consider the motion for new trial ·on its merits.

The judgment is affirmed.

REAVIS, C. J., and FULLERTON, ANDERS, WHITE and MOUNT, JJ., concur.