[Civil No. 3314. Filed February 17, 1933.]

[18 Pac. (2d) 1111.]

THE GILLESPIE LAND AND IRRIGATION COMPANY, a Corporation, Appellant, v. E. L. HAMILTON, Appellee.

Messrs. Silverthorne & Van Spanckeren, for Appellant.

Mr. H. M. Van Denburgh, Messrs. Cunningham, Carson & Gibbons and Messrs. Langmade & Seed, for Appellee.

LOCKWOOD, J.—Counsel for appellee has moved to strike the transcript of the reporter's notes from the record. Ordinarily motions of this kind are disposed of without the filing of a formal opinion. Since, however, some of the points raised involve questions of practice which are of considerable importance to the bar of the state as a whole, we think it advisable to state briefly the grounds of our decision.

The motion to strike is based upon three grounds: First, that the superior court of Maricopa county twice extended the period of sixty days allowed by the statute for filing the reporter's transcript without any stipulation between the parties consenting to such extension; second, that the orders of extension were made *ex parte* without any notice to the appellee, and that no copy of such order was served on the appellee as required by paragraph 6 of Rule IV of the Uniform Rules for the Superior Courts, and, third, that such transcript was not actually filed until the time allowed by the extensions aforesaid

had elapsed. Considering the last objection, it appears from the record in this court that the transcript was filed within the time allowed by the extension, but was afterwards withdrawn and refiled at a later date. We think the original filing complied with the terms of the statute (see Rev. Code 1928, § 3864) and that even though in accordance with another provision thereof (see Rev. Code. 1928, § 3866) authorizing such action the transcript was withdrawn and refiled, that did not require that the transcript be stricken. Nor is there merit in the objection that there was no stipulation or agreement between the parties authorizing the extension of time granted by the superior court. The trial court has jurisdiction to order an extension of time for filing the transcript without the request or even against the wishes of the parties, and unless the court abuses its discretion its action in this respect will not be reviewed. There is nothing in the record to show any such abuse. (Sec. 3864, Rev. Code 1928.)

The other question is a more serious one. This court adopted uniform rules for practice in the superior courts of the state under the authority of section 3652, Revised Code 1928. Among these rules we find the following: " . . . Where an *ex parte* order is made, a copy of same must be served on the adverse party or his attorney within three days after it has been made. . . . " It is apparently the contention of appellee that this provision of the rule is jurisdictional and that if it is not observed the same result will follow as when the transcript is not filed within the sixty days set forth in the statute. While it is true that rules made by this court for the government of proceedings in the superior courts have the same force and effect as statutes in so far as they are applicable in any given case, it does not necessarily follow that even the failure to ob-

serve a statute regulating practice in all cases goes to the jurisdiction of the court. We think the true test in a matter of this nature is as follows: If the act which was omitted must be performed prior to or simultaneous with the act whose validity is involved, a failure to perform the omitted act renders the act done void, for in such case the doing of the latter is by the statute or the rules made dependent upon the performance of the former. Such, for example, would be an attempted rendition of a judgment without the filing therewith of a formal written judgment duly signed by the trial judge in accordance with Rule VII of the Uniform Rules. In the present case, however, the act which was not performed, to wit, the service of a copy of an order, obviously is not required to be performed before or at the time the *ex parte* order is made, for the rules allow three days after the making of the order before the copy must be served. In such a case the failure to serve the notice is not jurisdictional and the order is valid, but if the party on whom the notice should have been served calls the matter to the attention either of the superior court or of this court in a timely manner and shows where he has been prejudiced thereby, the court in which such objection is properly made may either set aside the order or allow it to stand, upon such terms as justice in the particular case may require. Appellee has not suggested to us in his motion where he has been injured by the failure to serve the notice. If such injury has occurred and the matter is called to our attention, we will take such action as may be advisable, but in the absence of such showing the motion to strike the reporter's transcript is denied.

ROSS, C. J., and McALISTER, J., concur.