[Civil No. 3420.   Filed December 31, 1934.]

[39 Pac. (2d)  640.]

CHIRICAHUA RANCHES COMPANY, a Corporation, Appellant, v. STATE OF ARIZONA, UNKNOWN OWNERS OF EIGHTEEN HEAD OF CATTLE, ED. HOWARD and BIRD G. YOAS, Appellees.

Messrs. Sutter & Gentry, for Appellant.

Mr. Duane Bird and Mr. Thomas L. Hall, for Appellees Howard and Yoas.

LOCKWOOD, J.—This is an appeal by Chiricahua Ranches Company, a corporation, hereinafter called plaintiff, from an order of the superior court of Santa Cruz county overruling a motion for a new trial made by it. The proceeding in which the order was made was a seizure instituted by the livestock sanitary board under the provisions of chapter 48, Revised Code of 1928 (section 2076 et seq.), as amended by chapter 43, Session Laws of 1931. The case was tried to the court sitting with a jury, and, there being several animals involved, it was necessary that a separate verdict should be rendered as to each one. All

of the verdicts, some eight in number, were in favor of Ed. Howard and Bird Yoas, hereinafter called defendants. These verdicts were returned on the 13th day of April, 1933. No formal written judgment was ever prepared by defendants Yoas and Howard, in whose favor the verdicts were returned, nor was any presented to or signed by the trial judge. The only thing which appears in the record in reference to judgment is a minute entry of April 13, 1933, which reads as follows:

"The jury are now returned into open Court, and as their names are called all answer present. The Court now interrogates the jury as to whether they have arrived at a verdict and they reply through their foreman that they have and hand their verdicts to the Clerk. The Court now directs the Clerk to record the verdicts and read them to the jury as recorded, the eight verdicts submitted to the jury being all returned in favor of the defendants Bird G. Yoas and Ed Howard and are on file with the papers in the case.

"The jury is now excused from further consideration of this case and from further attendance upon the Court until called. The defendants Howard and Yoas now move for judgment on the verdicts of the jury which motion is by the Court granted.

"It is ordered that this Superior Court stand at recess until called."

On the 20th day of May, 1933, the Honorable W. A. O'CONNOR, the trial judge who presided at the trial of the case, died, and thereafter the Honorable CHARLES L. HARDY was appointed to succeed him as judge of the superior court of Santa Cruz county.

Thereafter, and on the 7th day of June, 1933, the plaintiff filed a motion for a new trial in the cause, which, having been presented and argued on the 26th day of June, 1933, was denied, and in due time this appeal from the order denying the motion was taken.

· There are a number of questions presented by the record in the cause, but we think there is only one necessary for us to consider in order to determine the appeal. Rule VII of the Uniform Rules for the Superior Courts, adopted by this court and effective May 15, 1932, reads as follows:

## "VII

### "Judgments and Orders

"No judgment shall be rendered by any Superior Court unless simultaneously with such rendition there shall be filed with the clerk a formal written judgment, signed by the trial judge. When the court has arrived at a decision in any case, it shall notify the parties, and the one in whose favor the decision is to be shall prepare and present to the judge a proposed form of judgment within five days thereafter, and serve a copy thereof on the opposite party. Unless the opposite party shall endorse thereon the words 'Approved as to form,' or the equivalent, he shall have five days after such service in which to object to the form of judgment by filing a written objection and serving the same upon his opponent, and no judgment or decree shall be rendered or signed by the judge before the expiration of said five days. Failure to present objections as herein provided shall be considered as a waiver of any objections to the form of judgment presented to the trial court.

"When a case is tried by a judge from another county, and such judge does not return to the county of trial to render judgment, the provisions of sections 3697–3699, Rev. Code 1928, shall apply.

"The portions of this rule providing for service upon the opposite party or counsel shall not apply when a judgment is rendered upon a default."

It appears from this that the superior courts are forbidden to render judgment in any case unless simultaneously with such rendition there is filed with the clerk a formal written judgment signed by the trial judge.

We have had the question of the force and effect of these rules before us several times. In *Gillespie Land & Irr. Co.* v. *Hamilton,* 41 Ariz. 432, 18 Pac. (2d) 1111, the question arose as to whether the observance of these uniform rules is jurisdictional. Therein we said as follows:

" . . . While it is true that rules made by this court for the government of proceedings in the superior courts have the same force and effect as statutes in so far as they are applicable in any given case, it does not necessarily follow that even the failure to observe a statute regulating practice in all cases goes to the jurisdiction of the court. We think the true test in a matter of this nature is as follows: If the act which was omitted must be performed prior to or simultaneous with the act whose validity is involved, a failure to perform the omitted act renders the act done void, for in such case the doing of the latter is by the statute or the rules made dependent upon the performance of the former. Such, for example, would be an attempted rendition of a judgment without the filing therewith of a formal written judgment duly signed by the trial judge in accordance with rule VII of the Uniform Rules. . . . "

It will be seen from the foregoing statement of facts that, if it be claimed that the minute entry above quoted was an attempt to render judgment upon the verdict, such attempt was void and of no effect. Indeed, defendants do not seriously contend that this would not be true in cases which the rule covers, but argue that from its language it applies only to cases which have been tried by the court and not to those which are heard before juries.

It is a cardinal rule of construction of statutes that the intent of the legislative body, including the evil to be remedied by the statute, must be taken into consideration in determining its meaning. *Denn* v. *Reid,* 10 Pet. 524, 9 L. Ed. 519; *Church of Holy Trinity* v. *United States,* 143 U. S. 457, 12 Sup. Ct. 511, 36

L. Ed. 226; *Bank of Lowell* v. *Cox,* 35 Ariz. 403, 279 Pac. 257. We think it equally true that in interpreting court rules having the effect of statutes we should consider the same matters. The purpose of the rule, which was formulated while all the present justices of the Supreme Court were on the bench, cannot be questioned. This court through a long series of cases, from *Kinsley* v. *New Vulture Min. Co.,* 11 Ariz. 66, 90 Pac. 438, 110 Pac. 1135, down to *Maricopa County Municipal Water Cons. Dist. No. 1* v. *Roosevelt Irr. Dist.,* 39 Ariz. 357, 6 Pac. (2d) 898, has held repeatedly that the true judgment is that rendered from the bench in open court by the judge and not the written judgment generally, although not always, filed at some indefinite time thereafter. The question as to when judgment is rendered is of vital importance, for the time within which an appeal can be taken or a motion for new trial made begins to run when the judgment is "rendered." Sections 3661 and 3850, Rev. Code 1928. In view of the fact that these formal written judgments were filed at any time which suited the convenience of the parties and the trial judges, and not necessarily at the same time as the actual rendition of judgment in open court, notwithstanding our decisions above cited, there was continued confusion among the members of the bar as to just when the time for appeal began to run, and many appeals were determined by the fact that the appellant had been in error as to the date of actual rendition of judgment. This court in the case of *Moulton* v. *Smith,* 23 Ariz. 319, 203 Pac. 562, carefully explained the situation which existed in this respect, and suggested to the various superior courts of the state a manner in which such confusion could be avoided, and has referred to the cited case several times since. Most of the superior courts of the state gradually adopted the practice suggested, and in

those courts no further difficulties have arisen. But a few of the trial judges were either unable to understand the situation or unwilling either to follow the plan we suggested or develop one of their own which would obviate the confusion. We therefore in the Uniform Rules for the Superior Courts of the state, effective May 15, 1932, provided that the court could not render judgment unless simultaneously there was filed a written judgment prepared and approved in such a manner that every detail thereof would be fully considered by the trial judge, before he rendered judgment. The evil to be remedied was the same in both jury and nonjury cases, to wit, the probability of the judgment rendered in open court and the written one signed by the judge bearing different dates, and the manner of remedying the evil applies to cases of every nature. We hold, therefore, that, since in the present case no written judgment was ever filed, the attempt of the court to render judgment on the verdict was void, and that the record fails to show that any valid judgment was ever rendered herein.

It has repeatedly been held by this court that a motion for a new trial must be made within the time fixed by the statute and that one made before the rendition of judgment is ineffectual, and an assignment of error that the court erred in overruling a motion for new trial is not properly before us. *Ellis* v. *First Nat. Bank of Globe,* 19 Ariz. 464, 172 Pac. 281; *Gibson* v. *McLane,* 17 Ariz. 61, 148 Pac. 288, 289; *DeMund* v. *Benson,* 32 Ariz. 99, 255 Pac. 995; *Hammels* v. *Kreig,* 29 Ariz. 218, 240 Pac. 348.

What we have said is sufficient to show that the order denying the motion for new trial must be affirmed and we might stop here. But it would apparently amount to leaving the case suspended, like Mahomet's coffin, between heaven and earth. De-

fendants take nothing, for they have no judgment. Plaintiffs have nothing to appeal from. The livestock sanitary board must retain possession of the animals until there is a valid judgment determining to whom they belong. What can be done?

The answer to the question will depend upon the powers of the successor of the judge who tried the case originally.

Since the court remains the same regardless of a change in the person of the judge, it is generally held that the jurisdiction, powers, and duties of the departing judge fall upon his successor. George or Edward may pass, but "The King" lives forever. *Rauh* v. *Scholl,* 19 Wash. 30, 52 Pac. 332; *In re Day's Estate,* 129 Kan. 14, 281 Pac. 865; *Hoffman* v. *Shuey,* 223 Ky. 70, 2 S. W. (2d) 1049, 58 A. L. R. 842.

A situation almost identical with the present one arose in *Mace* v. *O'Reilley,* 70 Cal. 231, 11 Pac. 721. There the trial court, after a hearing on the merits, had entered an order for judgment, but the judgment had not yet been rendered, a practice very similar to that approved by us in *Moulton* v. *Smith, supra,* apparently prevailing in California. Thereafter the term of the judge expired. A motion to set the case for trial (in effect a motion for new trial) was filed before his successor by plaintiff. The trial court held the proper course to be that the movant party should ask that judgment be properly rendered, and thereafter move to vacate the judgment and grant a new trial. This course was followed and the judgment vacated. The appellate court, in effect, approved of the method of procedure followed, and did not question the jurisdiction of the new judge to render judgment, but said, in substance, that, since findings of fact must be made and the new judge of course could not do so fairly without hearing the evidence, a new trial was necessary.

We approve of that case as setting forth the proper procedure under our practice, when, after the trial of any case, before either the jury or the court, the judge who tried the case has vacated his office without rendering judgment. After his successor has rendered judgment in the manner set forth in rule VII, *supra,* a motion for new trial may be made, and he will then determine it on its merits. If the trial had been before the court, and no findings of fact had been filed by his predecessor, it would be an abuse of discretion to refuse the new trial. Under any other circumstances, the granting or refusing of the motion would be subject to review by this court under the general principles of law governing such motions.

The order appealed from is affirmed.

ROSS, C. J., and McALISTER, J., concur.