[Civil No. 3647. Filed October 5, 1936.]

[61 Pac. (2d) 392.]

WALTER HARRINGTON, Appellant, v. HOPE D. WHITE, Appellee.

Mr. John W. Ray and Mr. Harry J. Valentine, for Appellant.

Mr. Greg Garcia and Mr. Gayle Nichols, for Appellee.

LOCKWOOD, C. J.—This is an appeal by Walter Harrington, hereinafter called defendant, from a judgment in favor of Hope D. White, hereinafter called plaintiff, which defendant claims to be void by reason of the fact that it was rendered in violation of rule 7 of the Uniform Rules of the Superior Courts of Arizona.

We have examined the record on appeal, and it shows the following situation: Plaintiff, on the 14th of June, 1933, filed a complaint against defendant for damages for an alleged conversion of certain property belonging to her. The case was tried to a jury, which returned a verdict in favor of plaintiff on the 31st day of March, 1934. Thereafter there were various motions made and ruled on, but there is nothing to show that any judgment was rendered until the 4th day of December, 1934. We find in the record a formal written judgment, in favor of plaintiff, which contains the following language:

"Now, therefore, it is by the court ordered, adjudged and decreed, that plaintiff Hope D. White, do have and recover judgment against defendant, Walter Harrington, for the principal sum of Six Hundred Fifty ($650) Dollars, together with interest thereon at the rate of six (6) per cent per annum, from the 21st day of Oct., 1931, until paid, together with her cost taxed at Seventy-Three and 50/100 Dollars;

"It is further ordered, adjudged, and decreed that the Clerk of the Superior Court of Pinal County, Arizona, do have and recover judgment against the defendant, Walter Harrington, in the sum of One Hundred Eight ($108) Dollars, as and for jury fees.

"Dated this 4th day of Dec., A. D. 1934.

"[Signed] . E. L. GREEN,
"Judge."

It is indorsed as follows:

"Received copy of the within this 4th day of Dec. 1934.

"[Signed] HARRY J. VALENTINE,
"Atty. for Deft."

and bears the filing mark of the clerk of the court as of date December 4, 1934. Although there appears in the record a minute entry of December 4th, there is nothing therein showing or even intimating that judgment was rendered upon that date. There is, however, the following entry: "The motion for new trial filed herein is hereby set down for hearing (by agreement of counsel in open court) on Tuesday, December 11, 1934, at 10 o'clock a. m.," and the record contains a motion for new trial which was dated and filed December 4th. This motion is based primarily upon matters occurring during the trial, and does not refer to any judgment except by alleging that both the verdict and judgment were contrary to the law and the evidence. Notice of appeal from the judgment and the order overruling the motion for new trial was properly given, and the appeal perfected in the usual manner.

Among the assignments of error in defendant's brief, we find the following:

"7. Error in signing, approving and filing the judgment on December 4th, 1934, which was the same day the proposed form of judgment was served, when the form was not approved, contrary to the rule provided by the Supreme Court in such cases."

Rule 7, referred to above, reads, so far as material, as follows:

" . . . When the court has arrived at a decision in any case, it shall notify the parties, and the one in whose favor the decision is to be shall prepare and present to the judge a proposed form of judgment within five days thereafter, and serve a copy thereof on the opposite party. Unless the opposite party shall endorse thereon the words 'Approved as to form,' or the equivalent, he shall have five days after such service in which to object to the form of judgment by filing a written objection and serving the same upon his opponent, and no judgment or decree shall be rendered or signed by the judge before the expiration of said five days. . . . "

The immediate question before us is whether this rule was complied with and, if not, the effect of such noncompliance. It is apparent from our recital of the foregoing facts that, so far as the record is concerned, it shows affirmatively that the rule was not followed. Assuming, for the sake of argument, that, although the minute entry of December 4th makes no reference to any rendition of judgment, the fact that the formal written judgment was dated and filed on that date may be taken as sufficient evidence that judgment was actually rendered in open court, in accordance with the rule stated by us in *Kinsley* v. *New Vulture Min. Co.*, 11 Ariz. 66, 90 Pac. 438, 110 Pac. 1135, and the many cases which have since followed it, the written judgment shows on its face that it was not served upon the defendant until the date upon which judgment was rendered, and that he did not approve it as to form, in the manner required by the rule. A quite similar situation arose in the case of *Ross* v. *White,* 46 Ariz. 304, 50 Pac. (2d) 12, 14. Therein we said:

"It is evident from the record that both sides treated this as an order for judgment, and while no

assignment of error is directly framed on the failure of the court to follow the provisions of the rule in question pertaining to the filing of the final order and judgment, appellant argues the question in his opening brief, at page 51, under Assignment of Error No. VI.

 The question of the force and effect of these rules has been passed upon by us numerous times. The object and purpose of the particular rule is to secure to the parties full opportunity to consider and to object to and to be heard on the form of the order. This is a substantial right. Here the act omitted must have been performed prior to the act whose invalidity is involved. Hence, failure to perform the omitted act, whether by court or counsel, renders the act void.

'██ Failure of the court to comply with the rule we hold to be fundamental error, which this court is bound to notice even in the absence of appropriate assignment or argument. In view of our conclusion on this point, it would serve no useful purpose to consider the remaining assignments of error. Since it appears that no valid judgment was ever rendered in the present case, there was nothing to appeal from, and it is necessary that the appeal be dismissed. The procedure which should be followed by either party desiring to bring the matter before this court for review is set forth in detail in the case of *Chiricahua Ranches Co.* v. *State,* 44 Ariz. 559, 39 Pac. (2d) 640.''

And, as we said in *Ferguson* v. *Goff,* 46 Ariz. 260, 50 Pac. (2d) 20:

 In the case of *Chiricahua Ranches Co.* v. *State,* 44 Ariz. 559, 39 Pac. (2d) 640, we discussed at length the purpose of the Uniform Rules and their nature, and particularly the circumstances which led up to the adoption of rule VII and the effect of that rule. Anything further which we might say upon this subject would be a mere matter of repetition, and we therefore merely call the cited case to the attention of the trial judges and the members of the bar, with the suggestion that they read and ponder it carefully. If they will do so, it will save a great deal of expense

and delay to litigants, and, perhaps, even more serious consequences in some cases.''

■■ Since, in the present case, it appears that the trial court rendered judgment before the condition precedent set forth in the rule had been complied with, the judgment was void. The appeal is therefore dismissed.

McALISTER, J., concurs.

ROSS, J.—I dissent. It seems remarkably strange to me that this court, which has heretofore, in harmony with the Constitution and statutes (Const., art. 6, § 22; section 3741, Revised Code of 1928), uniformly disregarded technical error in pleadings and proceedings occurring in trials where no substantial right of a party is affected, should suddenly and rather violently depart from that most wholesome rule when the error happens to be against a rule of the court.

I think the provisions of rule 7 of the Uniform Rules for the Superior Courts should be construed as directory unless the complaining party is able to show that a failure to comply therewith has caused him to suffer some injury.

It will be noticed that the appellant does not complain of the form of the judgment but simply that he was not privileged to approve or disapprove it before it was signed by the judge. There is no suggestion that the judgment did not conform with the pleadings or the proof or the verdict. The purpose of the notice by the court of its decision to the parties is that they may assist the court in making the judgment conform to the pleadings and the proof. If it does that, fundamentally it is correct, even though the rule requiring notice is not followed. It may be irregular not to observe the rule as to notice but not jurisdictional.

The only purpose to be accomplished in dismissing the appeal is to send the case back to enable the court to follow strictly rule 7 as to the giving of notice by the judge of his decision. If the trial court will do that, even though the judgment be identical with the one we have here, the appellant can then appeal and have the case disposed of on its merits. I think the rights of the parties are too precious to be bandied about in this fashion, and for so frivolous a reason.

If appellant had called the attention of the trial court to its failure to observe the terms of rule 7 and complained thereof, even though he was not hurt, he would be in a position to raise the question here. But for the first time he presents the slight irregularity in this court and therefore, under the universal rule, should not be heard. He is in no position to complain.

Rules of court are made to be followed and so are statutes regulating pleading and procedure, but we have never held an immaterial or technical departure from the latter reversible error, much less fundamental error. I think we should give rule 7 a sane and reasonable construction and thereby facilitate the disposition of litigation and save the parties costs and time.