## TEN-O-WIN AMUSEMENT CO. et al. v. CASINO THEATRE et al.

### No. 21497-L.

District Court, N. D. California, S. D.

Jan. 22, 1942.

Hackley & Hursh, Roy C. Hackley, Jr., and Jack E. Hursh, all of San Francisco, Cal., for plaintiffs.

J. E. Trabucco, of San Francisco, Cal., for defendant Donahue.

**ST. SURE, District Judge.**

The question for decision is as to the application of Rule 63, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, in a case where the judge who presided at the trial died before findings were filed.

Proposed findings of fact and conclusions of law and judgment in favor of plaintiffs and against defendant Donahue have been presented to me for approval.

The case was tried against defendants Markowitz and Donahue by Judge HAROLD LOUDERBACK, who on September 12, 1941, directed the entry of judgment for plaintiffs against the estate of P. H. Markowitz, deceased, acting through Louise Markowitz, executrix. The judgment, signed and filed by the judge, was based upon the facts and the written stipulation of counsel.

On October 25, 1941, Judge LOUDERBACK orally directed the entry of the following minute order as to defendant Donahue: "This case having been submitted and fully considered, it is Ordered that upon the filing of approved findings of fact and conclusions of law, judgment be entered for the plaintiffs against the defendant C. H. Donahue, finding that the design patent herein involved is infringed by the defendants, and that the defendant C. H. Donahue has unfairly competed with the plaintiffs; and that the plaintiffs are entitled to damages and profits as prayed for in the prayer of the amended bill of complaint. It is further Ordered that plaintiffs have their costs."

The case did not go to trial as against any other defendants. Plaintiffs, as prevailing parties, lodged proposed findings of fact and conclusions of law, and judgment against defendant Donahue on November 28, 1941. They had not been presented to Judge LOUDERBACK for his approval and were unsigned at the time of his death on December 11, 1941.

Donahue's attorney on December 23, 1941, filed "Notice as to Findings of Fact and Entry of Judgment", in which he states: "Judge Louderback, having not signed or filed findings of fact prior to his death, it is believed that no other judge now has the authority to sign findings of fact and conclusions of law based on facts proven at the previous trial, nor to sign a judgment herein."

Rule 63, F.R.C.P., provides: "If by reason of death, sickness, or other disability, a judge before whom an action has been tried is unable to perform the duties to be performed by the court under these rules after a verdict is returned or findings of fact and conclusions of law are filed, then any other judge regularly sitting in or assigned to the court in which the action was tried may perform those duties; but if such other judge is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial."

The language of the rule seems clear and no Federal case has been found interpreting it. In the California State court a similar situation arose in Mace v. O'Reilley, 70 Cal. 231, 11 P. 721. There the judge's term had expired after trial and entry of order for judgment in the minute book. No findings had been filed or waived and no final judgment had been entered. The court set aside the judgment, holding that findings could not be filed by a judge who had not tried the case nor heard the evidence, even though the losing party agreed to such procedure, unless the prevailing party concurred. Cited with approval in Chiricahua Ranches Co. v. State, 44 Ariz. 559, 39 P.2d 640, 643.

As findings of fact and conclusions of law herein were not "filed" by Judge LOUDERBACK before his death, I have no power to sign and file them now. A new trial will be therefore granted as to defendant Donahue.