LittletoN, Judge,
delivered the opinion of the court:
Under the facts and circumstances as disclosed by the findings, plaintiff’s case has strong equity when considered *388 in the light of the reasons for and the purpose of the Act of March 3, 1927 (44 Stat. 1356), under which he claims. But in view of the fact that plaintiff was retired September 2, 1916, and in view of the positive provision of that act that only “sergeants, first class, Hospital Corps, retired prior to June 3,1916,” should be placed in the first grade (Master Sergeant) on the retired list, the court can not give plaintiff judgment for the difference between the retired pay of a master sergeant and that of a sergeant, first class.
The Act of March 3, 1927, supra, is in full as follows:
That the following noncommissioned officers on the retired list of the Regular Army are placed in the first grade: Post ordnance sergeants, post commissary sergeants, and post quartermaster sergeants on the retired list; electrician sergeants, first class, Coast Artillery Corps, retired; quartermaster sergeants, Quartermaster Corps, retired prior to June 3, 1916.; hospital stewards retired prior to March 2, 1903, and sergeants, first class, Hospital Corps, retired prior to June 3, 1916.
The act is unambiguous. It definitely fixes the dates prior to which the officers named must have been retired in order to become entitled to the retired pay of one grade above that held by them at the time they were retired.
Plaintiff contends that he comes within the spirit of the act of 1927 and within the intention of Congress when the statute was enacted; that under the rule that courts are not always confined to the written word and a case may be within the meaning of the statute and not within its letter, the court should sustain his claim for additional retired pay under the act. We think the rule relied upon, and sometimes applied in proper cases, is not applicable and can not be applied here.
In order to bring plaintiff’s claim within the act of 1927 it would be necessary to construe the phrase “Sergeants, first class, Hospital Corps, retired prior to June 3,1916,” as if it read, “retired, or who made application for retirement, prior to June 3, 1916.” The language used in the act expresses a clear and definite intention, which does not embrace plaintiff’s claim, and we can not supply by implication the words necessary to enlarge the intention so expressed. The fact is, as sufficiently appears from the facts and circumstances *389 and the history .of the act of 1927, that Congress thought that it was taking care of all noncommissioned .officers who had long and faithfully served and had reached the highest enlisted grades of the services mentioned and who, because of retirement, could not claim or acquire the more liberal benefits of enlisted grades and pay provided by statutes of the dates mentioned in the 1927 act. It would appear that no one thought of a case like that of plaintiff, who in fairness and justice was as much entitled to the retired pay of a sergeant, first grade (Master Sergeant), as a sergeant, first class, who was fortunate enough to get his application for retirement approved prior to June 3, 1916. That probable oversight may have been the reason why the act of 1927 was not made to include such a case.
The report of the Committee on Military Affairs of the House (House Eeport 2081, 69th Congress, 2nd Session) stated in part as follows:
In conformity with law, these men were placed upon the retired list in the grades that they held at the time of their retirement from active service. At that time these grades were among the highest enlisted grades in the service, appointments thereto being made only from the applicants of excellent character and several years’ service who had satisfactorily passed an examination for the particular grade. The duties involved and the responsibilities entailed equaled, and in some cases-, surpassed, those of the enlisted men of the present first grade in active service.
íH H?
These noncommissioned officers are in the second and third grades in conformity with a decision of the Comptroller General, which he has declined to change upon request of the Secretary of War. His decision governs the disbursing officers. Therefore, if this situation is to be corrected, it must be by act of Congress.
The act of June 3, 1916 (Finding 3) established enlisted grades of Master Hospital Sergeant and Hospital Sergeant, in the Medical Department established by that act, which were above the grade of Sergeant, first class, Hospital Corps, under prior statutes. As pointed out by tire Committee, it was for this reason that sergeants, first class, Hospital Corps, and the other noncommissioned officers who had served long and faithfully under the prior less liberal statutes *390 were retroactively given the benefit of the more liberal provisions of the 1916 act, which, if they had continued to serve under the 1916 act, they doubtless would have received by promotion because of long service. Plaintiff had no knowledge of the new statute until after his application had been approved and was not therefore in a position where, had he known of the act of June 3, he might have withdrawn his application because of the opportunity for advancement in. the enlisted grades afforded by that act. But the court can not enlarge the limitation of the act of 1927 so as to extend the benefits thereof to an officer who after becoming eligible for retirement made application to retire May 12, 1916, before enactment of the new statute of June 3, 1916, but whose application, because of the distance from Washington, was not approved until after June 3, 1916.
The facts bring the case within the rule of statutory interpretation .set forth in Denn v. Scott, 10 Peters 524, 527, in which the court said:
This, it must be admitted, when we consider the mischief the law was probably intended to remedy, is a somewhat technical construction of the act; and cases may be found where courts have construed a statute most liberally to effectuate the remedy, but where the language of the act is explicit, there is great danger in departing from the words used, to give an effect to the law'which may be supposed to have been designed by the legislature. Where the language of the act is not clear, and is of doubtful construction, a court may well look at every part of the statute; at its title, and the mischief intended to be remedied in carrying it into effect. But it is not for the court to say, where the language of the statute is clear, that it shall be so construed as to embrace cases, because no good reason can be assigned why they were excluded from its provisions.
We are unable to say why. the benefits of this statute were given to those who held under deeds proved by the subscribing witnesses, and withheld '’from those whose deeds were proved by the acknowledgment of the grantor. In most cases, if not in all, proof by acknowledgment would be deemed more satisfactory than by witnesses; but the legislature having made a distinction between the cases, whether it was intentional or not, reasonable or unreasonable, the court are bound by the clearly expressed language of the act.
*391 Plaintiff’s claim does not come within the provisions of the act of 1927 and the petition must be dismissed. It is so ordered.
Madden, Judge; Jones, Judge; Whitaker, Judge; and Whaley, Chief Justice, concur.