[Nos. 65396-2-I; 65397-1-I;   Division One.   September 12, 2011.]
65398-9-I.

THE STATE OF WASHINGTON, *Respondent*, v. GERMAN
DURAN-MADRIGAL, *Appellant*.

*Neil M. Fox* (of *Law Office of Neil Fox PLLC*), for appellant.

*Daniel T. Satterberg, Prosecuting Attorney*, and *James M. Whisman* and *Dennis J. McCurdy, Deputies*, for respondent.

¶1 GROSSE, J. — The authority granted by the state constitution and statute to pro tempore judges to try a case includes any judicial examination of issues of law or fact. This includes acceptance of a guilty plea, which involves judicial determination of whether the defendant is knowingly, intelligently, and voluntarily entering the plea and whether there is a factual basis for the plea. Accordingly, we affirm.

## FACTS

¶2 The State filed a series of charges against German Duran-Madrigal (Madrigal) for multiple offenses alleged to have occurred at various times throughout 2007. On February 2, 2007, the State charged him with second-degree unlawful possession of a firearm and fourth-degree assault. On November 15, 2007, he entered a plea of guilty to those charges before Judge Pro Tempore Johanna Bender. The judge noted that Madrigal had signed stipulations allowing the judge to hear his cases that day.[1]

¶3 On September 21, 2007, the State charged him with a misdemeanor violation of a protection order and a violation of the Uniformed Controlled Substances Act (VUCSA), possession of cocaine.[2] On November 15, 2007, again before Judge Pro Tempore Bender, Madrigal pleaded guilty to the misdemeanor protection order violation and a reduced charge of attempted possession of cocaine. As part of the plea agreement the State also agreed not to file additional charges for other pending alleged offenses.

¶4 On November 20, 2007, the State filed another charge against Madrigal, alleging felony violation of a no-contact order. On December 27, 2007, he pleaded guilty to a reduced charge of a misdemeanor violation of a no-contact order. This guilty plea was accepted and entered by another pro tempore judge, the Honorable Barbara Harris.[3]

¶5 All three cases were consolidated for sentencing on January 11, 2008, before the Honorable Michael Heavey, an elected superior court judge. Madrigal received concurrent suspended sentences with credit for time served. He appeals the judgment and sentence.

---

[1] An oath and order signed by Judge Palmer Robinson appointing Johanna Bender as judge pro tempore is in the court file.

[2] RCW 69.50.4013.

[3] An oath and order signed by Judge Palmer Robinson appointing Barbara Harris as judge pro tempore is in the court file.

## ANALYSIS

¶6 Madrigal first contends that his guilty pleas are invalid because the pro tempore judges that accepted the pleas lacked statutory and constitutional authority to do so. The Washington State Constitution article IV, section 7, provides in relevant part:

A case in the superior court may be tried by a judge pro tempore either with the agreement of the parties if the judge pro tempore is a member of the bar, is agreed upon in writing by the parties litigant or their attorneys of record, and is approved by the court and sworn to try the case.

RCW 2.08.180 provides in relevant part:

A case in the superior court of any county may be tried by a judge pro tempore, who must be either: (1) A member of the bar, agreed upon in writing by the parties litigant, or their attorneys of record, approved by the court, and sworn to try the case; or (2) pursuant to supreme court rule, any sitting elected judge. Any action in the trial of such cause shall have the same effect as if it was made by a judge of such court.

¶7 Madrigal contends that because both of these provisions state only that a case "may be tried" by pro tempore judges, they only have authority to preside over actual trials, not guilty pleas. We disagree. As the State argues, such a narrow construction of this language is not supported by the case law and would result in strained consequences.

¶8 The Washington Supreme Court has interpreted this language broadly to include judicial determination of both questions of fact and law:

The statute reads: "A case . . . may be tried by a judge pro tempore. . . ." We construe the statute to mean that a judge pro tempore acquires jurisdiction of a cause from the time of his appointment and qualification, and he thereafter tries what remains to be done in the case, whether it be the trial of

questions of fact or of law, or both. In this case the trial upon the facts had been heard, and there remained certain questions of law to be determined, viz., those raised by the motion for new trial and the entry of judgment.[4]

Consistent with this broad interpretation, more recently in *Mitchell v. Kitsap County*,[5] the court rejected the argument that RCW 2.08.180 applied only when a pro tempore judge presided over an actual trial and concluded that a pro tempore judge's authority under the statute included conducting hearings on motions for summary judgment:

Although RCW 2.08.180 does speak of cases in superior court being "tried" by a judge pro tempore, we believe that the term trial should be viewed broadly. "A trial is the judicial examination of the issues between the parties, whether they are issues of law or of fact." CR 38. In our judgment, hearings on motions for summary judgment fall within the definition of a trial.

¶9 Applying this broad view of what amounts to a case that "may be tried," we conclude that acceptance of a guilty plea falls within a pro tempore judge's authority to try a case as provided by the state constitution and statute. Much like a ruling on a summary judgment motion, the acceptance of a guilty plea involves judicial examination of legal and factual issues. In doing so, the court determines whether the defendant is knowingly, intelligently, and voluntarily entering the plea and whether there is a factual basis for the plea.

¶10 Additionally, as the State contends, the narrow interpretation urged by Madrigal would result in absurd or strained consequences, invalidating scores of rulings made by pro tempore judges that did not occur during an actual trial, such as arraignments, rulings on motions and continuances, divorce decrees, custody orders, and protection orders. Applying such a narrow construction would also

---

[4] *Nelson v. Seattle Traction Co.*, 25 Wash. 602, 603-04, 66 P. 61 (1901) (emphasis omitted) (alterations in original).

[5] 59 Wn. App. 177, 185, 797 P.2d 516 (1990).

prevent a pro tempore judge who is presiding over a trial from accepting a guilty plea that a defendant decides to enter either on the day of trial or at some other point during the trial. Neither the state constitution nor the statute should be interpreted to force such absurd or strained consequences.[6]

¶11 The remainder of this opinion has no further precedential value and will not be published.

BECKER and ELLINGTON, JJ., concur.

---

[6] *State v. Neher*, 112 Wn.2d 347, 351, 771 P.2d 330 (1989).