375 P.2d 562

**Hollis GRAY, Appellant,**

v.

**Laurabel GARDINER and Mary Jane Gardiner, Appellees.**

No. 6597.

Supreme Court of Arizona

In Division.

Oct. 31, 1962.

Harry A. Stewart, Jr., Phoenix, for appellant.

Moore & Romley, Phoenix, for appellees.

PATTERSON, W. E., Superior Court Judge.

Plaintiffs-appellees brought suit against defendant-appellant for damages alleged to have arisen from defendant's breach of a contract to clear and level certain farmland. Plaintiffs prayed for damages for rents lost on the farmland, for the cost of re-leveling a portion thereof, and for the cost of leveling and clearing another portion which they alleged the defendant had agreed to clear and level for the contract price but had not, this latter item of damages amounting to $630.

Defendant filed a counterclaim for the balance alleged due for certain services in clearing ditches in the amount of $225.

After the cause was submitted, the jury returned verdicts as follows:

"We, the Jury, duly empaneled and sworn in the above entitled action, upon our oaths, do find for the Plaintiffs on Plaintiffs' Complaint and against the Defendant and assess Plaintiffs' damages in the sum of $ no money."

"We, the Jury, duly empaneled and sworn in the above entitled action, upon our oaths, do find for the Defendant on Defendant's counter claim and against the Plaintiffs and assess Defendant's damages in the sum of $ none."

When the verdicts were received in open court and recorded by the clerk, the plaintiffs moved for a mistrial. The court took the motion under advisement and ordered oral arguments to be presented on the 20th day of June, 1957. On June 27, 1957, the court set aside the verdicts and granted the motion for a mistrial in language as follows:

"ORDER declaring mistrial of the above entitled matter."

"FURTHER ORDER setting aside the verdicts and granting a new trial."

Defendant appealed from the trial court's rulings, contending that the trial court erred in declaring a mistrial, setting aside the verdicts and granting plaintiffs a new trial for the reason that the verdicts returned by the jury were as a matter of law proper, were in proper form and judgment should be entered thereon.

The basic question is to determine whether or not the jury's verdicts may stand.

The issues tried in the lower court were based upon plaintiffs' complaint for damages for breach of contract and upon a counterclaim by defendant for balance due for

services rendered. The jury found the issues in favor of plaintiffs on their complaint but awarded "no money" for damages, although defendant admitted liability in the sum of $630. The jury also found the issues in favor of defendant on his counterclaim, but awarded "$ none" for balance due on account.

■ A patent inconsistency is created for the reason that it is impossible in this case to find the issues in favor of the plaintiffs and not assess some damages. Likewise, it is impossible to find the issues in favor of defendant and not to make an award in some amount. In view of the non-awarding verdicts, could the jury have offset plaintiffs' damages against defendant's damages and found nothing due each? We cannot answer this question, but mention the possibility to show the uncertainty created by the verdicts.

16 A.R.S. R. Civ. P. Rule 49(d) provides:

> "Fixing amount of recovery. When a verdict is found for the plaintiff in an action for the recovery of money, and for the defendant upon a counterclaim or cross-claim for recovery of money, *the jury shall find the amount of recovery on each claim,* and the court shall render judgment in favor of the party entitled thereto *for the difference* in the amounts of such verdicts." (Emphasis supplied.)

The jury's verdicts create uncertainty and do not comply with Rule 49(d).

Defendant has cited Southern Pacific Railroad Co. v. Mitchell, 80 Ariz. 50, 292 P.2d 827, wherein this Court held that the trial court has power to put a manifestly irregular or defective verdict in such form as to make it conform to the intention of the jury where the intention can be ascertained with certainty. Here, however, the intention of the jury remains uncertain, and that case does not assist the defendant's contentions.

This Court held in Ward v. Johnson, 72 Ariz. 213, 232 P.2d 960 that a jury's verdict in favor of the plaintiff and against the defendants which assessed the former's damages as "no dollars" was improper and could not stand. We indicated there that if the amount was undisputed or computable the trial court could conform the verdict to the evidence. In the present case the damages (other than defendant's admitted liability of $630) were not undisputed or computable, and this exception does not apply.

■ The granting of a motion for a mistrial is within the discretion of the trial court and such an order will not be disturbed unless an abuse of discretion is shown, Denton v. Arnstein, 197 Or. 28, 250 P.2d 407; Burton v. Zions Cooperative Mercantile Institution, 122 Utah 360, 249 P.2d 514. The granting of a mistrial is proper where, before a trial is completed,

the trial court concludes that there is some error or irregularity that prevents a proper judgment from being rendered, Vilander v. Hawkinson, 183 Kan. 214, 326 P.2d 273, or some circumstance indicating that justice may not be done if the trial continues, Curley v. Boston Herald-Traveler Corporation, 314 Mass. 31, 49 N.E.2d 445.[1]

Judgment was never entered by the court upon the verdicts,[2] hence, the trial had not been completed when the motion for a mistrial was granted. The right to a new trial necessarily follows, as a mistrial is equivalent to no trial. Nothing has been presented to show that the trial court abused its discretion by granting the motion for a mistrial and it is apparent that the status of the verdicts imposed a duty upon the learned trial court to grant the motions.

Defendant's final contention is that the trial court should have specified its reasons for granting a new trial in accordance with 16 A.R.S. R. Civ. P. Rule 59(m). This is true, but defendant misconceives the modus operandi of this rule. He may enforce the rule by an appropriate petition in this Court, Caldwell v. Tremper, 90 Ariz. 241, 367 P.2d 266. However, non-compliance with the rule does not mean that the order will be set aside and the verdicts reinstated, Pima County v. Bilby, 87 Ariz. 366, 351 P.2d 647.

The action of the trial court is affirmed.

BERNSTEIN, C. J., and UDALL, Vice C. J., concur.

---

1. One such circumstance would be where the jury returns a verdict in terms demonstrating that it has ignored the instructions of the court and is acting under passion, prejudice, partiality or mistake. Cf. Elvin v. Public Service Coordinated Transp., 4 N.J.Super. 491, 67 A.2d 889 (*Held*: error to permit jury to reconsider case after compromise verdict was returned).

2. Prior to the hearing on the mistrial motion the defendant paid judgment fees and the clerk entered the jury verdicts in the docket as "judgments". This action was not the entry of the judgment because it was not done at the direction of the court as required by 16 A.R.S. R.Civ.P. Rule 58(a), Gillespie Land & Irr. Co. v. Buckeye Irr. Co., 69 Ariz. 367, 213 P.2d 902.