436 P.2d 488

**John Edmund BURKE and Irene M. Burke, his wife, Appellants,**

v.

**J. Jay GOTTFRIED, Al Gazley, and Ed Post, Co-partners dba Ed Post Realty, Appellees.**

**Nos. 1 CA–CIV 311, 1 CA–CIV 346.**

Court of Appeals of Arizona.
Jan. 24, 1968.

Rehearing Denied Feb. 29, 1968.
Review Denied April 16, 1968.

Raymond Huffsteter, Phoenix, for appellants.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by Ralph E. Mahowald, Phoenix, for appellees.

KRUCKER, Judge.

This opinion involves two appeals, consolidated here because they concern the same parties and arise out of the same transaction. The first, 1 CA–CIV 311, is an appeal taken by defendants from denial of their motion for summary judgment, and the second appeal is taken by defendants after trial and judgment for the plaintiffs.

The fact situation presented to us is somewhat complex. In 1956, the Burkes, appellants herein, executed a note and mortgage to Gottfried, Gazley and Post, a partnership doing business as Ed Post Realty, the appellees herein. The Burkes signed the note as makers with Henry and

Dorothy Schechert who signed as indorsers on the back of the note. Testimony showed that the note was in payment of brokers' fees due on a trade of property between Burke and Schechert. The note was in the principal amount of $7,732.30. No payments were made on the note after September, 1958. Appellees sued the Schecherts and the Burkes in June, 1959 and took a default judgment against the Schecherts. Schechert paid $3,500 on that judgment. Burke was never properly served in that action and the court never took jurisdiction over him.

In August, 1962 appellees filed a complaint against the Burkes based on the note. The Burkes answered and moved for summary judgment setting up the affirmative defenses of payment, satisfaction, and res adjudicata, as well as various other defenses. On October 20, 1965 the court below signed a formal Partial Summary Judgment disposing of the issue of payment by the Schecherts of the $3,500 amount, and stating that the amount of the balance due and owing was an issue of fact for trial, and that if appellees should recover, appellants would be entitled to a credit of $3,500. All of the other grounds of appellants' motion for summary judgment were denied.

On October 25, 1965 appellants filed a Notice of Appeal from this order of the court and a Bond for Costs. This appeal was designated No. 1 CA–CIV 311. The Notice of Appeal was amended on October 26, 1967. The matter had been set for trial on October 28, 1967. At that time, appellants' counsel refused to proceed with the trial on the grounds that an appeal had been perfected and the trial court therefore had lost all jurisdiction in the matter except in matters in furtherance of the appeal. The trial court concluded that its ruling on the Partial Summary Judgment was not adverse to the appellants and was not an appealable order, and that the appeal therefrom was frivolous. The court announced that the trial would proceed on the merits. Appellants' counsel withdrew

from the trial and the appellees presented their case. Not surprisingly, this resulted in a verdict and judgment for the appellees. From the entry of this judgment, appellants bring appeal No. 1 CA–CIV 346.

■■ We agree with the learned trial court's ruling that the denial of a motion for summary judgment is not an order from which an appeal may be taken. A. R.S. § 12–2101, subsec. B, as amended; see, Fernandez v. Garza, 93 Ariz. 318, 380 P.2d 778 (1963); Renck v. Superior Court of Maricopa County, 66 Ariz. 320, 187 P.2d 656 (1947). Accordingly, the appeal denominated 1 CA–CIV 311 will be dismissed.

■ We turn next to appellants' contention that the trial was void and of no effect since by filing a Notice of Appeal and giving bond in conformance with Rule 73(b), Ariz. Rules Civ.Proc., 16 A.R.S., that appeal No. 1 CA–CIV 311 was perfected and the trial court lost all jurisdiction in the matter except in matters in furtherance of the appeal. We are unable to agree with this contention. The trial court does not lose jurisdiction in the face of an appeal from a non-appealable order. Davis v. Taliaferro, 218 Cal.App.2d 120, 32 Cal. Rptr. 208 (1963); San Juan County v. Hage, 54 Wash.2d 419, 341 P.2d 872 (1959). All the Arizona cases cited by appellants in support of their contention concern situations where the appeal was held to transfer jurisdiction to the appellate court *because taken from an appealable order.* We find no Arizona authority on the point at issue and we adopt the language of the Montana Supreme Court as controlling:

> " 'An attempted appeal from an order which is not in fact appealable cannot operate to tie the hands of the superior court, as, if the rule were otherwise, a party could indefinitely delay a proceeding by attempting to appeal from every adverse ruling made prior to the entry of final judgment.' (Citing State v. McDowall, 197 Wash. 323, 334, 85 P.2d 660, 665 (1938) )."

"Authority in point to the contrary is wanting. That is, only if it may be said in a given case that it is fairly debatable whether an order is appealable, is the final decision to be made here. The lower court then should wait for this court to rule. Otherwise it should not stand by." State ex rel. Adamson v. District Court of Fourth Judicial District In and For Lake County, 128 Mont. 538, 279 P.2d 691 (Mont.1955).

See also: Phillips v. Phillips, 41 Cal.2d 869, 264 P.2d 926 (1953); O'Nan v. Broadus, 316 S.W.2d 220 (Ky.1958); and Wilmurth v. First Judicial District Court, 80 Nev. 337, 393 P.2d 302 (1964).

Having decided that the trial court did not lose jurisdiction, and that the proceedings before it were valid, we must determine the merits of appeal No. 1 CA–CIV 346 by evaluating the evidence put on by appellees at the trial.

"In an action by the holder (of a promissory note) against the party primarily liable thereon * * * the production of the instrument, free from suspicion, properly indorsed, uncancelled and unextinguished by any indorsements of payment or otherwise, and its introduction into evidence, accompanied by proof of its execution and its indorsement * * * makes a prima facie case; that is, a case sufficient to justify a verdict or finding for the holder if the defendant does not rebut it." 12 Am.Jur. 2d 329, Bills & Notes § 1296.

"The proper method of procedure in a case like the one at bar is for the plaintiff to produce the note, prove the indorsements and the making of the note, and rest, thereby establishing a *prima facie* case, and for the time being his own title and right to recover, and the defendant's liability. The defendant should then be permitted to prove his defense * * * if he can * * *." Navajo-Apache Bank & Trust Co. v. Willis, 21 Ariz. 610, 193 P. 297 (1920).

The burden is upon the defendant to establish any affirmative defense pleaded in that situation. Kester v. Reynolds, 176 Cal.App.2d 36, 1 Cal.Rptr. 127 (1959).

At the trial, after the departure of counsel for appellants, the promissory note made by the appellants was introduced into evidence and the circumstances under which it was made were shown by the testimony of the indorser, Schechert. Having entered this uncontroverted proof, the plaintiff rested. The trial court gave judgment for the plaintiff, and we think properly so under the rule cited above.

For this reason, the judgment of the trial court below will be affirmed in all respects.

Affirmed.

HATHAWAY, C. J., and MOLLOY, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.