513 P.2d 688

Paul Christian YAEGER, Appellant,

v.

Leslie H. VANCE, a widower, Gertrude Nunn, a married woman, Lester Nunn, her husband, M. Leslie Hansen Realty, an Arizona corporation, Appellees.

No. 1 CA–CIV 1823.

Court of Appeals of Arizona,
Division 1,
Department B.

Sept. 6, 1973.

John W. Acer, Phoenix, for appellant.

Roush, Mori, Welch & Steiner, by Richard A. Steiner, Phoenix, for appellees.

## OPINION

EUBANK, Presiding Judge.

Appellant appeals from an order of the Superior Court which granted appellees' motion to dismiss for failure of the appellant to prosecute his case pursuant to Rule 41(b), Rules of Civil Procedure, 16 A.R.S., and also from the subsequent denial of appellant's motion to set aside that dismissal. The appellant raises two issues on appeal: (1) Did the trial court err in granting appellees' motion for a mistrial, and (2) Did the trial court improperly grant appellees' motion for an involuntary dismissal?

The pertinent facts are as follows. On May 11, 1971, appellant's cause of action came up for jury trial in the Superior Court. During appellant's case in chief, the appellant called appellee, Mr. Leslie Vance, as an adverse party for cross-examination and asked the following question:

"Q Is it not true, Mr. Vance, that Mr. Hansen has agreed to pay all your legal expenses in this lawsuit?"

Appellees' counsel immediately objected and a discussion followed in the judge's chambers, following which a mistrial was declared, and a new jury trial was set to commence the next day. Appellant immediately filed a notice of appeal from the mistrial order, posted bond, and notified the trial court of his action. The follow-

ing day appellees appeared for trial but appellant did not, and appellees moved for an order of default based on appellant's failure to appear. The court denied this motion since it felt that it had lost jurisdiction of the matter due to the appeal, and it ordered the trial vacated. Appellees then requested a rehearing on their motion which was set for the same afternoon. Both parties appeared at this hearing and the court was then presented with authority which convinced it that it did have jurisdiction to continue the trial and was ready to start the new trial. The appellant indicated that he would not participate in the new trial, and therefore the court granted respondent's motion to dismiss for failure to prosecute. Appellant appeals from this dismissal.

The second issue raised on appeal is the main issue and concerns the involuntary dismissal of appellant's action with prejudice by the trial court pursuant to Rule 41(b), Rules of Civil Procedure, 16 A.R.S. It is appellant's contention that the filing of the notice of appeal with respect to the mistrial order divested the trial court of jurisdiction, thereby precluding it from dismissing the action for failure to prosecute. In Burke v. Gottfried, 7 Ariz.App. 96, 436 P.2d 488 (1968), the trial court had granted partial summary judgment and plaintiff had appealed from that order. The trial court, however, said that since the order was not an appealable order, the trial would continue despite the plaintiff's refusal to participate. On appeal, Division Two of our Court held that a trial court does not lose jurisdiction in the face of an attempted appeal from a non-appealable order. The Court stated:

> " ' "An attempted appeal from an order which is not in fact appealable cannot operate to tie the hands of the superior court, as, if the rule were otherwise, a party could indefinitely delay a proceeding by attempting to appeal from every adverse ruling made prior to the entry of final judgment." . . . (citations omitted)'

> " ' . . . That is, only if it may be said in a given case that it is fairly debatable whether an order is appealable, is the final decision to be made here. The lower court then should wait for this court to rule. Otherwise it should not stand by.' . . . (citations omitted)." 7 Ariz.App. at 97, 98, 436 P.2d at 489, 490.

We agree.

It is appellant's contention that the propriety of an appeal from an order granting a mistrial is "fairly debatable" under A.R.S. § 12–2101, subsec. D., and therefore the trial court acted improperly by proceeding with the motion to dismiss. A.R.S. § 12–2101 in pertinent part reads as follows:

> "A. An appeal may be taken to the court of appeals from the superior court in the instances specified in this section.
>
> \* \* \* \* \* \*
>
> "D. From any order affecting a substantial right made in any action when the order in effect determines the action and prevents judgment from which an appeal might be taken."

There have been no Arizona cases which have yet dealt specifically with the appealability of a mistrial order, but it is quite clear that the language of § 12–2101, subsec. D., does not provide appealability of such an order. Such an order neither "determines the action" nor "prevents judgment from which an appeal might be taken." We hold that an order granting a mistrial is not an appealable order under A.R.S. § 12–2101. Appellant should have made his objection, made an offer of proof if necessary, thereby preserving the evidentiary question for consideration upon appeal of the final judgment if the judgment was not rendered in his favor, and proceeded with the new trial.

It should also be noted that the mistrial order in question was non-appealable in form, since it failed to comply with Rule 58(a), Rules of Civil Procedure, 16 A.R.S., which requires an order to be in

writing, signed by the judge, and filed with the clerk. Therefore, even if it had been substantively appealable it was not appealable in form. State v. Birmingham, 96 Ariz. 109, 392 P.2d 775 (1964); Zoellner v. Zoellner, 4 Ariz.App. 561, 422 P.2d 392 (1967); Anonymous v. Superior Court, 4 Ariz.App. 170, 418 P.2d 416 (1966).

 Since the order attempted to be appealed from was not appealable, the trial court did not err by continuing with its jurisdiction and granting the motion to dismiss after appellant indicated that he would not participate in any further proceedings at the trial level.

The first question raised by the appellant deals with the propriety of the trial court's action granting appellees' motion for a mistrial. Since we have held that the order of dismissal was proper, it is unnecessary for us to discuss this question since it involves the introduction of evidence and is foreclosed by the proper dismissal.

The order of dismissal is affirmed.

JACOBSON, C. J., Division 1, and HAIRE, J., concur.