573 P.2d 495

**John Carollo ENGINEERS, Appellant,**

v.

**Alfred N. SHARPE, by and through his guardian, Anne M. Sharpe, and Anne M. Sharpe, his wife, Appellees.**

**No. 1 CA–CIV 3806.**

Court of Appeals of Arizona,
Division 1,
Department C.

May 19, 1977.

Rehearing Denied June 16, 1977.

Review Granted July 12, 1977.

Jennings, Strouss & Salmon by M. Byron Lewis, Phoenix, for appellant.

John A. Beaver, Kenneth Rosengren, Phoenix, for appellees.

OPINION

FROEB, Chief Judge.

This opinion is being issued in connection with the court's ruling on a motion to dismiss the appeal. Although the court does not usually publish an opinion in making such a ruling, the court believes that, in view of the jurisdictional issue raised here, an opinion is warranted.

The moving papers disclose that this case originated as an action by appellees against several defendants, including the appellant, John Carollo Engineers. On January 13, 1977, a partial judgment was entered granting appellant summary judgment dismissing the action as to it. This judgment was in writing and contained the requisite determination under Rule 54(b), Rules of Civil Procedure, making it final and appealable. Within the applicable time period, appellees filed a "motion for reconsideration" which was heard by a different judge due to the resignation of the previous trial judge. On March 10, 1977, the trial court granted the motion and entered a written order vacating the judgment of January 13, 1977, reinstating the appellant as a defendant and denying its motion for summary judgment. The trial court stated, in its accompanying minute entry that it was treating the motion for reconsideration as a Rule 59(a) motion for new trial within the meaning of *Maganas v. Northroup*, 112 Ariz. 46, 537

P.2d 595 (1975).[1] Appellant filed a timely notice of appeal from the order of March 10, 1977.

Appellees have now moved to dismiss the appeal, asserting that the order is not a final judgment, nor is it appealable, as its only real effect is to deny appellant's motion for summary judgment, which is a nonappealable order. *Fernandez v. Garza*, 93 Ariz. 318, 380 P.2d 778 (1963); *Burke v. Gottfried*, 7 Ariz.App. 96, 436 P.2d 488 (1968). Appellant counters with the claim that the order is one granting a new trial, as recognized in *Maganas*, supra, and that as such it is appealable by reason of A.R.S. § 12–2101, which states in part:

A. An appeal may be taken to the court of appeals from the superior court in the instances specified in this section.

\* \* \* \* \* \*

F. From an order:

1. Granting or refusing a new trial

. . . .

The motion at issue here is encompassed by Rule 59, Arizona Rules of Civil Procedure, as is pointed out in *Maganas v. Northrup*, supra. As such, it operated to suspend the finality of the January 13 judgment and the running of the time for appeal under Rule 73(b). However, that does not mean that the order granting the motion operates as an order for a "new trial" within the meaning of A.R.S. § 12–2101(F). Clearly the order did not grant a *new* trial since there had been no original trial.

How, then, can an order granting a motion under Rule 59 not be an order for a "new trial"? At the outset, we note that a summary judgment adjudicates rights and liabilities without the necessity of a trial. Rule 59 states that a judgment may be vacated on enumerated grounds. The *Maganas* case held that Rule 59 provided a procedural avenue by which the court could reconsider a summary judgment. In estab-

lishing that a "motion for new trial" may be directed against a summary judgment, the court did not say that the necessary *result* of such a motion is a "new trial." In fact, to the contrary, it points out that the relief, if granted, is "vacation" of the judgment, as provided by Rule 59. This is not just a semantic sidestep. A motion under Rule 59 is commonly and colloquially referred to as a "motion for new trial." We see, however, that by reason of the *Maganas* holding, Rule 59 affords relief that does not necessarily involve a "new trial." As in this case, it involves merely the "vacation" of the judgment. Thus, it is clear that A.R.S. § 12–2101(F) (authorizing an appeal from an order granting a new trial) does not afford appellees a basis for appealing the order involved here.

This rationale seems all the more logical when we look to the character of the proceedings which will arise in the trial court from the order setting aside the summary judgment, an approach suggested by the Supreme Court in *Kemble v. Porter*, 88 Ariz. 417, 357 P.2d 155 (1960). In this case, summary judgment was initially granted in favor of appellants. Had the motion been denied at first, or had the court chosen not to include the language of finality in Rule 54(b), the judgment would not have been appealable at that time. The order vacating the summary judgment and denying the motion does not magically transform the order into one that is appealable. This is not the same situation which we find when a trial is held and thereafter the decision or verdict is vacated and a new trial is granted. Appellant has lost nothing by the trial court's order or our ruling. There has been no trial and thus no final adjudication of any substantial right belonging to the appellant. It is appropriate therefore that the interlocutory appeal contemplated by appel-

---

1. We are cognizant of the recent opinion in *Russin v. McDonald* 114 Ariz. 519, 562 P.2d 399 (1977), which dealt with the problem of correctly *naming* the motion. The case holds that a motion named a "motion to reconsider" cannot be considered a motion for a new trial. No issue is raised in this case concerning the correctness or incorrectness of the name of the motion. It is, for all purposes relevant to the case, dealt with and ruled upon as a Rule 59 motion for new trial.

lant be dismissed and the motion for stay of trial court proceedings be denied.

JACOBSON, P. J., and OGG, J., concurring.