NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

SHIRLEY ANNE LEWIS,
*Petitioner/Appellee*,

*v.*

MARTIN DANIEL LYNCH,
*Respondent/Appellant*.

No. 1 CA-CV 15-0241 FC
FILED 5-31-2016

Appeal from the Superior Court in Maricopa County
No. FC 2011-002533
The Honorable Jay R. Adleman, Judge

**AFFIRMED**

COUNSEL

Martin Daniel Lynch, Tempe
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Patricia A. Orozco delivered the decision of the Court, in which Judge Peter B. Swann and Judge Jon W. Thompson joined.

---

**O R O Z C O**, Judge:

¶1         Martin Daniel Lynch (Father) appeals a family court's order affirming a parenting coordinator's recommendation, and allocating 100% of the costs of the parenting coordinator's fees to Father.

¶2         David Weinstock, Ph.D., was assigned by family court as a parenting coordinator (PC) for Shirley Anne Lewis (Mother) and Father in April 2013.  As part of his appointment as PC, the court authorized Dr. Weinstock to recommend an alternate allocation of PC fees when one of the parties used the services unnecessarily, acted in bad faith or failed to comply with court orders.  In January 2014, Dr. Weinstock filed his report and recommended that the family court consider a reallocation of fees for PC services based on Father's conduct.  In that same report, Dr. Weinstock requested he be removed as PC.  Mother requested affirmation of Dr. Weinstock's recommendations, and asked the court to allocate all fees from Dr. Weinstock and any future PC to Father.  The court ordered removal of Dr. Weinstock as PC, and allocated all PC costs "identified in the January 2, 2014 report" to Father.

¶3         Father timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes (A.R.S.) sections 12–120.21.A.1 and -2101.A (West 2016).[1]

**DISCUSSION**

¶4         Father argues the February 20, 2014 order confirming the PC report should be set aside because the report was fraudulent.  He makes no argument that the court erred in denying the "no less than (7) motions largely related to the parenting coordinator" in its February 20, 2015 order.

---

[1]     We cite to the current version of applicable statutes absent any change material to our decision.

**¶5**        We review the court's reconsideration of the February 20, 2014 ruling for an abuse of discretion. *See Davis v. Davis*, 195 Ariz. 158, 162, ¶ 14 (App. 1999) (citation omitted).  Pursuant to A.R.S. § 25-406.B costs associated with a court-ordered PC should be allocated "based on the financial circumstances of both parties."  At the time of its decision, Rule 74.D, Arizona Rules of Family Law Procedure, provided the family court discretion to "determine the allocation of fees between the parties."[2]  An award of fees is within the family court's discretion and will not be disturbed absent an abuse of that discretion. *In re Marriage of Berger*, 140 Ariz. 156, 167 (App. 1983).

**¶6**        In September 2012, Father filed an "urgent request" that the family court order appointment of a PC.  The court granted Father's request in October 2012, requiring Mother and Father to each pay half of the PC's costs.  After the first PC resigned as a result of the voluminous emails from the parties, Dr. Weinstock was appointed.  During his appointment as PC, Dr. Weinstock submitted reports and recommendations based on his interactions with Mother and Father.  In his final submission to the court as PC, Dr. Weinstock described Father as disrespectful and threatening, reporting that he frequently violated court ordered email communication rules.  In support of his opinions, Dr. Weinstock attached several emails from Father.  Finally, Dr. Weinstock recommended a reallocation of PC fees,

---

[2]        Rule 74 has since been amended to provide clearer language relating to the court's authority to allocate costs related to PC's.  Rule 74.F.3 now provides that:

> Where one parent is reasonably believed to be using parenting coordinator services excessively or to harass the other parent, a parenting coordinator or a parent can recommend, as a sanction, an adjustment to the allocation of the parenting coordinator's fees.  Any recommendation must be filed with the court in writing and must explain in detail the reason for the recommended fee reallocation.  The recommendation must be provided to each parent or counsel, if represented, if filed by the parenting coordinator, and if filed by a parent, to the parenting coordinator and the other parent or counsel, if represented.  The non-recommending parent may file an objection to the recommendation within 20 days after the date the written recommendation is filed.  If an objection is filed, the court must hold a hearing before reallocating fees.

reporting that "the recent services, such as the email interventions, the request for the upcoming teleconference, and this correspondence were necessitated solely by Father's inappropriate behavior." In affirming Dr. Weinstock's report, the court decided to "reallocate to Father responsibility for 100% of the fees for the [PC's] services."

¶7 Father argues that Dr. Weinstock's report is fraudulent, but he does not contend the attached emails are not an accurate representation of what he sent. Nor does Father argue the family court was without authority to make such an allocation of fees. Instead, Father provides an annotated version of Dr. Weinstock's report, with his hand written analysis and commentary. Essentially Father is requesting that we reweigh the evidence, something we do not on appeal. *Castro v. Ballesteros-Suarez*, 222 Ariz. 48, 52, ¶ 11 (App. 2009).

¶8 The family court acted within its discretion under the rules in effect at the relevant time to determine the distribution of PC fees. On this record, we cannot say the court abused its discretion.

## CONCLUSION

¶9 We affirm the family court's allocation of PC fees.



Ruth A. Willingham · Clerk of the Court
FILED: AA