NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IKEMEFULA CHARLES IBEABUCHI, *Plaintiff/Appellant*,

*v.*

PAUL PENZONE, *Defendant/Appellee*.

No. 1 CA-CV 18-0131
FILED 9-18-2018

---

Appeal from the Superior Court in Maricopa County
No. CV2017-010251
The Honorable John R. Hannah, Judge

**AFFIRMED**

---

APPEARANCES

Ikemefula Charles Ibeabuchi, Florence
*Plaintiff/Appellant*

Maricopa County Attorney's Office, Phoenix
By Joseph Branco, Christine Stutz
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Presiding Judge James P. Beene delivered the decision of the Court, in which Judge Michael J. Brown and Judge James B. Morse Jr. joined.

B E E N E, Judge:

¶1         Ikemefula Charles Ibeabuchi appeals the superior court's grant of a motion to dismiss filed by the Maricopa County Sheriff Paul Penzone ("Sheriff").  For the following reasons, we affirm.

## FACTS[1] AND PROCEDURAL BACKGROUND

¶2         In July 2017, inmate Ibeabuchi sued the Sheriff, alleging that jail officials failed to issue him "pink copies"—or copies—of his jail grievances in violation of the Sheriff's Office's grievance procedure and his constitutional, "alienable rights."   On October 5, 2017, Ibeabuchi filed a notice of claim letter, which was never amended.  On October 12, 2017, the Sheriff filed a motion to dismiss.

¶3         On October 17, 2017, the superior court extended the "deadline for holding an arbitration hearing."   On November 13, 2017, Ibeabuchi appealed the October 17 order ("Appeal").  On January 12, 2018, the court granted the Sheriff's motion to dismiss.  On January 18, 2018, we dismissed Ibeabuchi's Appeal for lack of jurisdiction because it was "not substantively appealable."   On February 12, 2018, Ibeabuchi appealed the court's order dismissing his complaint.  We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

¶4         Ibeabuchi argues the superior court (1) ruled on the Sheriff's motion to dismiss in excess of its jurisdiction because his Appeal was

---

[1]     We take judicial notice of documents attached to the Sheriff's brief. *See* Ariz. R. Evid. 201; *State v. Rhome*, 235 Ariz. 459, 461, ¶ 8 (App. 2014) ("[A] court may properly take judicial notice of its own records."); *State ex rel. Corbin v. Tocco*, 173 Ariz. 587, 590 n.1 (App. 1992) ("This court may take judicial notice of records and other appellate proceedings in the same case.").

pending, and (2) if the superior court were to have jurisdiction, the court abused its discretion by granting the motion to dismiss because (a) his notice of claim was timely filed and properly served; (b) his claim is compensable; and (c) the Sheriff admitted allegations in the complaint and "various statements of fact."

**I.    The superior court retained jurisdiction to rule on the Sheriff's motion to dismiss because Ibeabuchi's Appeal was invalid.**

¶5          In general, the superior court loses jurisdiction while an appeal is pending except in matters in furtherance of the appeal. *Burkhardt v. Burkhardt*, 109 Ariz. 419, 421 (1973). The superior court, however, "does not lose jurisdiction in the face of an appeal from a non-appealable order." *Burke v. Gottfried*, 7 Ariz. App. 96, 97 (1968). When it is not "fairly debatable" whether a superior court's order is appealable, the superior court is authorized to proceed, despite an attempted appeal. *In re Marriage of Johnson & Gravino*, 231 Ariz. 228, 231, ¶ 9 (App. 2012); *Schultz v. Hinshaw*, 18 Ariz. App. 557, 558 (1972) (appellate courts decide debatable issues of an order's appealability).

¶6          Here, the superior court retained jurisdiction to rule on the motion to dismiss because Ibeabuchi's pending Appeal was indisputably invalid: superior court orders extending deadlines are non-appealable. *See, e.g.*, A.R.S. § 12-2101(A)(1), (3), (6) (an appeal may be taken from a final judgment, an order effectively determining the action, or an interlocutory judgment that determines the rights of the parties). Moreover, we considered and confirmed the invalidity of Ibeabuchi's Appeal before we dismissed it on January 18, 2018. The superior court was not divested of its jurisdiction to rule on the motion to dismiss. *See Burke*, 7 Ariz. App. at 97.

**II.    The superior court properly granted the motion to dismiss.**

¶7          Ibeabuchi argues the superior court abused its discretion by granting the motion to dismiss, in which the Sheriff argued Ibeabuchi failed to (1) properly serve a notice of claim pursuant to A.R.S. § 12-821.01(A); and (2) state a claim upon which relief could be granted pursuant to Arizona Rule of Civil Procedure 12(b)(6).

¶8          We review issues of statutory interpretation and application *de novo*. *Obregon v. Indus. Comm'n*, 217 Ariz. 612, 614, ¶ 9 (App. 2008). We

also review the grant of a Rule 12(b)(6) motion to dismiss *de novo*. *Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 8 (2012).[2]

### A. Ibeabuchi failed to comply with A.R.S. § 12-821.01(A).

**¶9**        Section 12-821.01(A) requires, *inter alia*, that a notice of claim against a public employee request "a specific amount for which the claim can be settled and the facts supporting that amount." Because "[t]he notice of claim statute is clear and unequivocal[,] . . . [it] unmistakably instructs claimants to include a particular and certain amount of money that, if agreed to by the government entity, will settle the claim . . . and the facts supporting that amount." *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 295, ¶ 9 (2007) (quoting A.R.S. § 12-821.01(A)). The statutory requirements "allow the public entity to investigate and assess liability, . . . permit the possibility of settlement prior to litigation, and . . . assist the public entity in financial planning and budgeting." *Id.* at ¶ 6 (quotation omitted).

**¶10**        Ibeabuchi's notice of claim did not state *any* monetary amount or facts supporting a specific amount for which his claim could be settled. *See Houser*, 214 Ariz. at 296, ¶¶ 10−11 (notice of claim was insufficient because it included language qualifying the monetary descriptions, making it impossible to discern the amount for which the claim could be settled). Ibeabuchi further failed to amend his notice of claim within the statutorily allowed period of 180 days after the copies of his grievances were not returned to him. Because Ibeabuchi did not timely file a valid notice of claim, his claim is barred by the statute. *See* A.R.S. § 12-821.01(A) ("Any claim that is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon."); *see also Houser*, 214 Ariz. at 299, ¶ 23 (claim was barred because the limitation period expired, forbidding an amendment of the notice of claim); *Falcon ex rel. Sandoval v. Maricopa County*, 213 Ariz. 525, 527, ¶ 10 (2006) ("Actual notice and substantial compliance do not excuse failure to comply with the statutory requirements of A.R.S. § 12-821.01(A).").

---

[2]        In *Coleman*, our supreme court ruled that orders dismissing a complaint under Rule 12(b)(6) should no longer be reviewed for an abuse of discretion. *See generally Coleman*, 230 Ariz. at 355−56, ¶¶ 7–8; *cf. ELM Ret. Ctr., LP v. Callaway*, 226 Ariz. 287, 289, ¶ 5 (App. 2010) ("We review an order granting a motion to dismiss [under Rule 12(b)(6)] for abuse of discretion.").

**¶11** We therefore affirm the superior court's dismissal of Ibeabuchi's complaint. *See State v. Perez*, 141 Ariz. 459, 464 (1984) ("We are obliged to affirm the trial court's ruling if the result was legally correct for any reason."); *State v. Boteo–Flores,* 230 Ariz. 551, 553, ¶ 7 (App. 2012) (appellate court will uphold ruling if correct for any reason). Because they are not necessary to our ruling, we decline to reach the parties' other arguments. *See In re Eric L.*, 189 Ariz. 482, 486 (App. 1997) (the court need not review other arguments if one argument is dispositive).

## CONCLUSION

**¶12** For the reasons stated above, we affirm the superior court's judgment dismissing Ibeabuchi's complaint with prejudice.



AMY M. WOOD • Clerk of the Court
FILED:  AA